# Gilberton Borough School District, Appellant, v. Morris et al.

*Taxation—Power of—Municipalities—Fourth class—School districts—Limitation on assessment—General purposes—Sinking fund—Statutes—Strict construction—Acts of May 18, 1911, P. L. 309; April 5, 1921, P. L. 91, and May 23, 1923, P. L. 328.*

1. Municipal corporations can levy no taxes, general or special, upon the inhabitants thereof, or their property, unless the power be plainly and unmistakably conferred.

2. In determining the extent of the power granted, a strict construction must be given to the language used in the statute, for all doubts are to be resolved in favor of the taxpayer.

3. Under the Acts of May 18, 1911, P. L. 309; April 5, 1921, P. L. 91, and May 23, 1923, P. L. 328, a school district of the fourth class has no power to collect a tax for general purposes and the pay of teachers, in excess of thirty-five mills on each dollar of the assessed valuation of the property therein.

4. An additional levy of seven mills for the sinking fund is invalid. The money for the sinking fund must be taken out of the thirty-five mills levied on the assessed valuation.

Argued April 13, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 5, Jan. T., 1928, by plaintiffs, from judgment of C. P. Schuylkill Co., July T., 1926, No. 596, for defendants on question of law raised by affidavit of defense, in case of Gilberton Borough School District v. Effingham B. Morris et al. Affirmed.

Assumpsit for school taxes. Before BECHTEL, P. J.

The opinion of the Supreme Court states the facts.

Judgment for defendants. Plaintiff appealed.

*Error assigned,* inter alia, was judgment, quoting bill of exceptions.

*M. A. Kilker* and *J. A. Noecker,* with them *J. F. Mahoney,* and *John J. Moran,* for appellant, cited: Pitts-

ton Twp. v. Boro., 275 Pa. 183; Hoover v. School Dist., 6 Pa. D. & C. R. 193; Com. v. Allegheny Co., 40 Pa. 348; Wilkes-Barre's App., 116 Pa. 246; Millvale Boro., 162 Pa. 374.

*Joseph Neff Ewing,* of *Saul, Ewing, Remick & Saul,* and *Henry S. Drinker, Jr.,* with them *M. M. Burke, John F. Whalen, Raymond K. Denworth, Woodbury & Woodbury* and *Edgar Downey,* for appellees, cited: Minsinger v. Rau, 236 Pa. 327; Duff v. School Dist., 281 Pa. 87, 89, 90; Louderback v. Warner, 37 Pa. Superior Ct. 136; Com. v. Allegheny Comrs., 40 Pa. 348.

OPINION BY MR. JUSTICE SADLER, May 9, 1927:

The school district of the Borough of Gilberton is of the fourth class, as defined by the Code of 1911, and the conduct of its affairs is regulated by the provisions of that act, as supplemented by later legislation. In 1922 it contracted an indebtedness of $100,000, being less than two per cent of the assessed valuation of the property therein, and by resolution provided for the collection of an annual tax of seven mills for the payment of the principal and interest. In 1925 the directors made an estimate of the financial requirements for the coming fiscal year as required by law, and fixed the tax rate at forty-five mills, of which twenty-five were to be appropriated for general purposes, ten for teachers' salaries, seven for the sinking fund, and the remaining three for buildings and improvements. Certain of the taxpayers objected to the levy on the ground that it exceeded the amount legally authorized, and refused to pay a sum greater than thirty-five mills, which undisputed portion of the tax was satisfied by them. An action of assumpsit was then instituted by the school district to recover the balance claimed to be due, with penalties. Several parties were joined as defendants, evidently by agreement, so that the legal question of liability, applying to all, should be determined without the necessity of sep-

arate suits.  An affidavit of defense was filed raising questions of law, and judgment entered for the defendants.  After the institution of the proceeding, the demand for the three mills for building purposes was abandoned and withdrawn, and the issue limited to the right to collect seven mills for the sinking fund in addition to the thirty-five mills assessed for the maintenance of the schools and pay of teachers.

The School Code of 1911 (May 18th, P. L. 309), amended in 1921 (April 5th, P. L. 91), provided for the preparation of an annual budget, estimating the necessary expenditures of the district for the ensuing year, and the levy of a tax based thereon: sections 501, 502. An effort was made to guard against reckless outlays by various provisions limiting the amount which could be borrowed for building purposes (sections 506, 507), temporary needs (section 508, amended April 20, 1921, P. L. 174), or raised for general purposes: section 537, amended May 11, 1921, P. L. 508.  This attempt to curtail the power of the school directors was not novel, for we find in the General School Law of 1854 a direction that in no case shall taxes be collected in excess of the amount levied for state and county purposes, then amounting to thirteen mills: Conyngham S. Dist.'s App., 77 Pa. 265.  "It is not unusual, in the organic acts of municipalities, for the protection of the citizens, to limit the rate of taxation, or the amount of taxes that may be raised during any one year; and where the power is thus limited, it is not ordinarily enlarged by implication by other provisions of the charter, general in their nature, conferring the power to make contracts or to incur liabilities, or even giving authority to make improvements, or to erect usual or ordinary buildings": 4 Dillon on Mun. Corp. (5th ed.) 2453.  As in the case of the constitutional provisions limiting the incurring of indebtedness, such limitation "is intended as a restraint on [a] spendthrift tendency, to curb the extravagance of municipal expenditures on credit, to prevent municipali-

ties from loading the future with obligations to pay for things the present desires but cannot justly afford, and in short to establish the principle that beyond the defined limits they must pay as they go": Keller v. Scranton, 200 Pa. 130, 135.

Section 537 of the code, as amended (May 11, 1921, P. L. 508), directs that the school taxes in districts of the fourth class "shall not exceed twenty-five mills on the dollar, on the total amount of the assessed valuation of all property taxable for school purposes therein," with the added right to collect a per capita tax from those resident or inhabitant of the district. This statutory limitation was later extended by the legislature when it desired to fix the minimum amount of salary to be paid to teachers, and the language then used makes clear, if there could have been doubt before, that there was a definite purpose to prevent the collection of a greater sum than above set forth, plus the amount designated by the new act: Act May 23, 1923, P. L. 328, section 1210, subd. 24. It was then "Provided, that, in districts of the fourth class, the tax herein authorized, *together with all other school taxes levied* in the district, shall not exceed thirty-five mills on each dollar of the assessed valuation thereof." As was said by Justice KEPHART in Duff v. Perry Twp. School Dist., 281 Pa. 87, 89, "School districts are but agencies of the State to accomplish the educational purposes ordained by the legislature, and they act in that capacity with respect to the levy of 'school taxes.' Fixing a millage within the maximum is in the nature of a legislative act, the Commonwealth speaking through its selected agents......Section 537 of the School Code permits a levy not to 'exceed twenty-five mills on the dollar' [since 1923, thirty-five]. Standing alone, this would seem to limit the levy. To exceed it the agent must point to an enabling statute permitting the increase." A provision limiting the rate of the tax is controlling: 37 Cyc. 764.

"It is a principle universally declared and admitted that municipal corporations can levy no taxes, general or special, upon the inhabitants or their property, unless the power be plainly and unmistakably conferred": 4 Dillon on Mun. Corp. 2398. And in determining the extent of the power granted a strict construction must be given to the language used, which cannot be extended by implication, for all doubts are to be resolved in favor of the taxpayer: Com. v. P. R. T. Co., 287 Pa. 190; Louderback v. Warner, 37 Pa. Superior Ct. 136. Notwithstanding the plain mandate of the acts above referred to, it is insisted that the additional sum of seven mills can be here assessed, since this is required for the purposes of the sinking fund, the thirty-five mills being specially appropriated to general school purposes and teachers' salaries.

We see no warrant for the contention made by appellant. It is true that under the School Code the district could borrow money to erect school buildings, and when this power was exercised it was made its duty to provide for the payment, within thirty years, of the principal and interest. When increases of indebtedness were made prior to 1911 by municipalities, including school districts, it was likewise necessary that an annual tax be assessed to insure repayment of the obligations issued: Constitution, article IX, section 10; Act May 11, 1897, P. L. 53, amending the Acts of 1874 and 1895. We see no justification for holding that this assessable sum, necessary for the repayment of loans for school purposes, shall not be included in the maximum annual levy which the district is permitted to make, and which total, including *"all taxes levied"* in the district, shall not exceed thirty-five mills. The code (section 507), in granting the power to incur indebtedness for building purposes, expressly provided for liquidation within a specified time. To supply the financial needs it was directed that "the school district shall in its annual tax levy" (section 507) provide a sufficient sum for this purpose,

and, as we have observed, section 537 directs that "all school taxes" for the ensuing year shall not exceed the maximum of twenty-five mills, now raised to thirty-five by the Act of 1923.

It is urged, however, that a sinking fund charge is a special levy, and is authorized to be made as a further assessment, since the Constitution, and the acts passed to make it effective, as well as the code, provide for an annual tax to liquidate principal and interest within thirty years. There can be no doubt that the legislature could direct a charge for some public purpose, and permit its collection, in addition to the maximum provided for ordinary needs: Com. v. Commissioners of Allegheny Co., 40 Pa. 348; Wilkes-Barre's App., 116 Pa. 246; Com. v. Pittsburgh, 34 Pa. 496. So it was held, in cases referred to by appellant, that the right to increase indebtedness, and levy taxes to pay, as directed by the Constitution and enacting laws, impliedly repealed earlier statutes, limiting the amount of tax collectible, insofar as they were in conflict: Millvale Boro., 162 Pa. 374. But the decisions cited do not apply to the present situation. When the code was passed the method of increasing indebtedness had been fixed, in which case the duty to levy a tax to pay within the time named was imposed. Section 506 made provision for the incurring of indebtedness where the school district required funds with which to build, and Section 507 directs that the sum, necessary for the payment of interest and redemption of principle, should be included "in the annual tax levy." It did not direct, as in Wilkes-Barre's App., supra, that the amount to be collected should be "in addition" to the regular assessment, and we cannot but conclude that the moneys to be allocated to the sinking fund are included in the phrase "all school taxes" which, by the Acts of 1921 and 1923, were expressly limited to thirty-five mills on the assessed valuation.

The case of Pittston Twp. School Dist. v. Dupont Boro. School Dist., 275 Pa. 183, is relied upon by appellant as sustaining a different view, but with this we cannot

agree.  It was there said the limitation on the power to tax had no application to a direction to assess made by the court, under the circumstances then under consideration.  The question presented arose by reason of the creation of a borough from a part of a township, requiring an adjustment of indebtedness between the new and old school districts.  The amount agreed on as due by one to the other was approved by the court, by virtue of the power conferred in the code, and the district owing directed to pay.  The real question raised was whether such debt was in violation of the constitutional provision against increase of liability beyond two per cent of the assessed valuation, and the statement of the effect of the tax limitation provided by the School Code, where special levies are involved, is not to be considered as controlling the situation in the present case.  In sustaining the order in that proceeding Justice SIMPSON pointed out the peculiar circumstances which withdrew it from the ordinary rules, when he said (p. 188) : "It not infrequently happens in these political adjustments, that temporarily there appears that which, if permanent, would be forbidden; this is inevitable."

We are of the opinion that the school district has no power to levy a tax in excess of thirty-five mills, as here proposed, and that the seven mills for the sinking fund is included as a part thereof, and from the proceeds of the tax collected a proportionate share must be appropriated for such use.  The assignments of error are overruled.

The judgment of the court below is affirmed.