## Derry Township School District v. Derry Borough School District, Appellant.

Argued September 28, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*George H. McWherter,* for appellant, cited as to balance due from tax collector: Munhall Boro. School Dist. v. School Dist., 28 Pa. C. C. R. 360.

As to commuted value of coupons on unmatured bonds: Brown v. Corry, 175 Pa. 528; Moore v. Pittsburgh, 254 Pa. 185, 191; Keller v. Scranton, 200 Pa. 130, 132; Troop v. Pittsburgh, 254 Pa. 172.

As to interest: Palmer School Dist. v. School Dist., 15 Northampton Co. R. 55; Sugar Notch Boro., 10 Kulp 429; Kelsey v. Murphy, 30 Pa. 340; Richards v. Gas Co., 130 Pa. 37.

*C. Lewis Walkinshaw,* for appellee.

OPINION BY MR. JUSTICE MAXEY, December 5, 1932:

On March 29, 1927, the School District of the Borough of Derry, hereinafter referred to as the borough, by

proper legal proceedings annexed to it a certain portion of the School District of the Township of Derry, hereinafter referred to as the township. The township filed a bill in equity to secure an adjustment of indebtedness as provided by the School Code of 1911, P. L. 309, section 112, as amended by the Act of May 4, 1927, P. L. 685. The court below made findings, stated conclusions and entered a decree. The borough appealed. The question before us is whether or not the court correctly calculated the township school district's indebtedness on the date of annexation.

The court found as an item of the township's indebtedness the sum of $20,068.93, this amount representing the agreed-to commuted value of the coupons on the township's bonds of the face value of $67,000.

By reason of the annexation referred to, the borough became indebted to the township for the pro rata share of the indebtedness of the township based on the ratio which the assessed valuation of the annexed territory bore to the total valuation of the township on the annexation date. This percentage was 25,000/6,930,296, or in terms more easily stated and comprehended, about 3½%. The borough takes about 3½% of the township's land; in lieu thereof the borough gives the township a sum equal to about 3½% of the township's debt.

We think that the commuted value of the undue coupons is not properly included in the amount of indebtedness a proportion of which must be assumed by the borough. If the borough were purchasing from the township one-half of a property subject to a mortgage of $67,000 due, let us say, 30 years after the date of purchase and if it placed in the hands of the school district $33,500 as the proper proportionate share of that mortgage debt, its duty to such school district with respect to that debt would have been fully discharged. The school district could not then equitably demand of the borough that it pay in addition to one-half of the indebtedness of $67,000, one-half of the commuted value of 30 years' in-

terest on that debt, for the interest on the debt would have been provided for by placing at the township's disposal the sum of $33,500. Money as well as land is productive when properly placed at work. Its use by a township as well as by an individual has value.

The sum paid by the borough to the township may be put at interest and the interest used to pay the coupons as they mature, or the township may use its money in any other legally permissible way. The borough has secured a part of the township's lands and the township has reciprocally secured an equivalent part of the borough's money. When the borough pays the township $3\frac{1}{2}\%$ of $67,000, the township can use the sum so paid in retiring $3\frac{1}{2}\%$ of the outstanding bonds if a sufficient number of the bondholders are willing to sell them. In that event interest on $3\frac{1}{2}\%$ of the bonds ceases to accrue. If no bonds can be purchased, the money can be paid into a sinking fund or be used for any other legitimate borough purpose. The township's power to use the money paid it by the borough as an equitable share of the former's bonded indebtedness is an offset to the future interest the township will have to pay on that share of the indebtedness if all of the bonds remain outstanding until maturity.

Cases have frequently arisen in which it has become necessary to compute the indebtedness of a municipality. In none of these computations has interest on the unmatured bonds been considered a factor in computing the indebtedness. See Keller v. Scranton, 200 Pa. 130, 132, 49 A. 781; Brown v. Corry, 175 Pa. 528, 34 A. 854; Moore v. Pittsburgh, 254 Pa. 185, 98 A. 1037; Troop v. Pittsburgh, 254 Pa. 172, 98 A. 1034.

The seventh exception to the court's decree nisi should have been sustained.

Appellant also complains because the lower court refused to include as a deductible asset the current bank balance of the township as of March 31, 1927, two days after the date of annexation. On this point the court

below said: "Derry Township......employs......upwards of one hundred teachers, a fact that is well known to the court. School taxes......are largely paid in October and the school directors must depend upon this accumulated fund in order to pay salaries due to the close of the school year about June 1st...... The teachers' contracts are obligations which have a grasp on these school funds...... They could just as well be listed on the indebtedness side of the balance sheet and they would thereby offset this current balance...... The payroll for the remaining school months of the 1927 school year together with other bills would soon dissipate this balance. For these reasons we have disregarded this item in arriving at a correct balance of indebtedness." The court would have been justified in treating as a deductible asset the current bank balance which was virtually earmarked to pay the teachers' current and practically current salaries, only by adding these salary obligations to the township's indebtedness. The court reached the same result by a simpler process.

Another of appellant's exceptions was the court order in not reducing plaintiff's liabilities by the amount due the tax collector as of July 6, 1927, to wit: $14,943.92. This exception has no basis in the findings of the chancellor, as there is nothing in the chancellor's specific findings or conclusions that relate to the question whether or not the amount due the tax collector on July 6, 1927, should be used as an item in the reduction of plaintiff's liabilities. In the testimony it appears that the tax collector made settlement for the year 1926 with the township school district and in this settlement it was agreed that the amount due the school district for the year was $14,943.92. The court below in dismissing the exception referred to said that it was "the uniform practice of the collector of taxes in Derry Township to make immediate settlement of the balances shown by the adjudicated auditors' reports, and these balances were agreed upon and not considered as an asset because they were immediately

paid to the school district of Derry Township and no parts of them were current assets at the time of the annexation nine months later." We find nothing in the record to contravert the statement that the sum of $14,-943.92 which was due from the tax collector nine months before had been paid and that it was at the time of the annexation no part of the township's assets.

The appellant also excepts to the court's legal conclusion that the borough pay interest on the fractional part of the indebtedness from the date of annexation, March 29, 1927. The appellant contends that while the act of assembly directs that the indebtedness shall be computed as of the date of annexation, it does not direct that the defendant's share of the debt shall be paid on that date, and that interest should not begin to run until the amount of the adjusted indebtedness is determined. The answer to that is that the annexation took place five years and eight months ago. During this entire period the school district of the township has been deprived of the taxes from its former territory which is now part of the school district of the borough. The obviously equitable rule is to compute the interest on the indebtedness due from the annexing municipality from the annexation date.

Appellant also excepts to the action of the court below in taking the auditor's report for the township's school district for the year ending July 1, 1926, as the basis for calculating plaintiff's assets. Appellant contends that the court should have taken the auditor's report for the defendant school district for the year ending July 1, 1927, as the basis of calculation. The nearest available auditor's report preceding the date of annexation was that of July 1, 1926. The court below aptly said: "Until the plaintiff school district had finally closed its business at the close of the school year of July 1, 1927, an exact statement of its assets and liabilities cannot be made nor used as of the date of its annexation."

We sustain the sixth assignment of error which is predicated on the court's dismissal of the appellant's seventh exception, alleging error in including $20,068.93, the commuted value of the unmatured coupons, as part of plaintiff's liabilities. This makes it necessary to sustain the first assignment of error which is predicated on the court's dismissal of the appellant's first exception, alleging error in finding that there is due from the defendant to the plaintiff the sum of $2,942.95, with interest from the date of annexation. The other assignments of error are overruled.

The decree appealed from is reversed and the record remitted so that the decree may be modified in conformity with this opinion; costs to be equally paid by appellant and appellee.