## Sprague v. Salisbury Township School District et al.

*Herbert S. Scharfman*, for plaintiff; *Oliver W. Frey*, for defendants.

HENNINGER, J., September 24, 1934.—This case was heard upon the bill of complaint and an agreed statement of facts, upon which the decision of the court is asked. The pleadings consist of a bill of complaint alleging that the

defendants have awarded contracts for the erection of a school building and created a bond issue of $25,000 to defray a portion of the expense thereof, and that said board also planned to use for the building $24,000 received from the School District of the City of Allentown upon an adjustment of the indebtedness of the district upon annexation of a portion of the territory to the City of Allentown; that the school building is unnecessary and its location inconvenient and opposed by a majority of the taxpayers, and that it is an abuse of discretion. Defendant has filed no answer to the bill of complaint as such, but the case stated determines what facts are admitted and to be considered by the chancellor, and what are denied and therefore considered unproven.

## Discussion.

There is really but one point at issue in this controversy, namely, whether the fund received by the defendant school district from the Allentown School District upon the adjustment of the indebtedness of the defendant district is earmarked and to be applied to said indebtedness, or whether it is general funds applicable to any lawful expenditure of defendant district.

The case of Derry Township School District v. Derry Borough School District, 310 Pa. 45, 48, holds that the township school district may use such funds for any legitimate "borough" (clearly meaning, however, "township") purpose. Plaintiff contends that this statement is mere dictum and not absolutely necessary to the decision of the case, but while it is not the precise point at issue it is a logical step toward the decision of that point and hence entitled to great weight.

Granting, however, that this case is not binding as a precedent, we believe, nevertheless, that it is a correct statement of the law. Our courts have decided that the settlement of accounts between municipalities does not affect the rights of bondholders to recover against both municipalities where an annexation has taken place after the creation of a bond issue. While the bond issue is not a lien upon the land, it becomes a charge against the borrowing municipality and against any municipality covering any part of the territory subject to the borrowing municipality at the time of borrowing, and remains so until the indebtedness is paid. The municipalities may decide between themselves what proper portion each should bear, but such agreement does not affect the bondholders, who may proceed against either or both for the full amount until satisfied: Township of Upper Darby v. Borough of Lansdowne et al., 174 Pa. 203; Pittston Township School District v. Dupont Borough School District et al., 275 Pa. 183.

Since the municipalities' agreement cannot affect the bondholders' rights, the bondholders have no interest to require payment of the proportionate share of the indebtedness into the sinking funds.

The annexing municipality could have provided for its own protection that the fund paid should be divided, so much for the cost of buildings into the general fund, so much for its share of electoral indebtedness into the sinking funds for those bond issues, and so much for its share of non-electoral indebtedness into those sinking funds.

True, if the City of Allentown School District had demanded that it be apportioned as above suggested, the $24,000 would cease to be general funds, and the defendants' non-electoral borrowing capacity would have been increased to an extent less than $24,000, and it could not have entered into the project to which plaintiff objects. It has not done so, however, but has merely required an agreement of indemnity for itself and its property owners from payment of any of the township school district's indebtedness, and neither the bondholders, the

Allentown School District, nor any of its property holders is objecting to the defendants' use of these moneys and they are the parties most interested.

As between the taxpayers of Salisbury Township and defendant school district, they have a right to demand that the money be disposed of according to law and according to the terms under which it was received. Since neither the law nor the agreement imposes a trust upon these funds, taxpayers cannot be heard to complain. Since the defendant has assumed the entire indebtedness, it has restricted its borrowing capacity to that extent to the protection of its taxpayers.

This disposes of the question of the right of defendant to use the $24,000 as it sees fit. The second question as to the validity of the bond issue is determined by the answer to the first, for if the $24,000 is generally available, the purpose of the bond issue does not fail for lack of available funds to be appropriated to the project. Nor does the agreement to indemnify constitute a non-electoral obligation, for it is a duplication of a presently existing indebtedness and its addition to the original indebtedness would be unfair and would cripple the district. Such situations must be met as they arise and such a reasonable interpretation placed upon the requirements of the law as will permit municipalities to function: Pittston Township School District v. Dupont Borough School District et al., supra.

Furthermore, this discussion goes rather to the validity of the bond issue than to the disposition of the funds. Were we disposed to allocate the fund, we have no accurate basis upon which to do so. As to the legality of the bond issue, taxpayers having failed to appeal from the approval by the Secretary of Internal Affairs, we have no jurisdiction to pass upon its validity: Act of April 11, 1929, P. L. 516, sec. 7, 53 PS §1966.

Upon the facts found, the chancellor makes the following

*Conclusions of law.*

1. The court has jurisdiction of the parties and the subject matter of the litigation.

2. In the absence of a provision in the agreement to that effect, a municipality, a part of whose land has been annexed to another municipality, need not apply to its respective sinking funds the sum received from the annexing municipality in the adjustment of the indebtedness of the municipality whose land has been taken.

3. Such funds becomes a part of the general funds of the municipality receiving them and may be used for any purpose for which that municipality has the right to expend its funds.

4. An agreement to indemnify the annexing municipality and its taxpayers from liability for the indebtedness created by the municipality whose land was annexed is not an increase of the non-electoral indebtedness of the indemnifying municipality, but it merged in the primary indebtedness itself.

5. A court of equity cannot in a collateral proceeding inquire into the validity of a bond issue, where the approval by the Secretary of Internal Affairs has not been appealed from.

6. Plaintiff has not produced any facts which interfere with the right of defendants to proceed with the erection of a school building as planned.

7. Plaintiff has not sustained his case and is not entitled to equitable relief.

8. The bill of complaint must be dismissed at the costs of the plaintiff.

Now, September 24, 1934, it is ordered that the foregoing findings of fact and conclusions of law be filed and the bill of complaint be dismissed at the cost of

the plaintiff, and that the prothonotary enter this order as a decree nisi, giving notice thereof to the parties or their counsel, and if no exceptions are filed thereto within 10 days the prothonotary shall enter the same as a final decree.