Pennsylvania Power & Light Company *v.* City of Bethlehem et al., Appellants.

Argued May 25, 1936. Before KEPHART, C. J., SCHAF-FER, MAXEY, LINN, STERN, and BARNES, JJ.

*Daniel L. McCarthy,* for appellants.

*Edward J. Fox, Sr.,* with him *Thos. J. Perkins, Edmund G. Hauff, Herbert J. Hartzog* and *George R. Booth,* for appellee.

PER CURIAM, June 26, 1936:

The City of Bethlehem proposed to increase its debt by councilmanic authorization of a bond issue. Proceedings were instituted to enjoin this on the ground that it would exceed the two per cent. limit on councilmanic borrowing established by article IX, section 8, of the Constitution. The court below held that the present debt, without including the proposed increase, transgressed the constitutional limitation by $123,645.07. Both parties appeal.

The city complains that the court below erred in including as part of its bonded indebtedness the four-mill tax imposed by the Act of April 21, 1933, P. L. 54, computed to the maturity of city bonds. This tax the city had agreed to ·assume. In assessing the amount of outstanding indebtedness the principal of all indebtedness

and *interest then due* should be included but not the interest to become due. *Campbell v. Wilkins Twp.*, 273 Pa. 204, decides nothing to the contrary and the lower court cases cited to us are not instructive as they were decided on other grounds. The point is ruled by what was said by this court in the opinion of Mr. Justice MAXEY, in *Derry Twp. School District v. Derry Boro. School Dist.*, 310 Pa. 45, 48, which we need not repeat. The exception to this item should have been sustained.

The next item challenged by the city is the inclusion, as a part of its fixed debt, of a temporary loan to pay current expenses. With due recognition of our decisions in *Scranton Electric Co. v. Old Forge Boro.*, 309 Pa. 73; *Schuldice v. Pittsburgh*, 251 Pa. 28; *Georges Twp. v. Union Fruit Co.*, 293 Pa. 364; *Phila. & Reading Coal & Iron Co. v. Coal Twp. Poor Directors*, 311 Pa. 236, the court below committed no error in holding these loans part of the city's debt. It found "that $145,000.00 was borrowed by the city in December, 1934, pledging its outstanding delinquent taxes in payment of the loan; $44,604.82 of delinquent taxes was collected in 1935. The difference was $100,395.18, and this amount complainant contends is a debt. That loan of $145,000.00 was used to pay the deficit in the city's operating expenses for the year 1934 . . . It appears from the testimony that for the past five years, every year the city has budgeted 100% collection of its current taxes while the actual collection of the taxes was below that amount, and at the end of each year it borrowed to pay for that year's operating expenses. We are clearly of opinion that the attempt of the City of Bethlehem to justify their loans for the past five years by treating them as payable out of current expenses is a mere subterfuge to evade the Constitutional prohibition." We agree with the court below in this conclusion and, on the above findings, the exception to this item was properly dismissed. See *Fitzpatrick v. Thomas*, 311 Pa. 191.

The city assesses and collects each year a one-half mill tax for library purposes. It failed to pay the sums collected from the tax to the Bethlehem public library but used it for general borough purposes. The court below properly charged this as a liability in the same category as a sinking fund charge.

The objecting taxpayer appellant complains that the court below was too liberal in allowing as a deduction from the city debt the full value of delinquent taxes with penalties. While such taxes may be first liens and, ordinarily, reasonably certain of collection, we are living in times when 100% collections are an impossibility. Considering the tabulation in the record showing the collection of delinquent taxes for the past five years, this item of credit on the gross indebtedness should be reduced by 25%. See *Ward v. Pittsburgh*, 321 Pa. 414. The court below should have sustained this appellant's exception to the sum fixed, and it is here so ordered. In the recalculation the court below should reconsider the $42,000 in delinquent taxes which the city contends was mistakenly deducted. With respect to the outstanding improvements liens for paving, sewers, curbs and gutters, we make a similar reduction of 25%. These should not have been allowed at their full value at the present time.

We find no errors of moment in the other items and calculations by which the city's councilmanic debt was determined. We do not pass on the right of the city to construct an electric light plant or to furnish electricity to its inhabitants. Nor do we pass on the validity of the city's contract with the federal government. These questions were reserved by the parties pending the decision on the questions above decided.

The findings and decree are to be corrected in accordance with this opinion and, as corrected, are affirmed, costs to be paid by the City of Bethlehem.