## AMERICAN LA FRANCE & FOAMITE INDUSTRIES, Inc., v. CITY OF FLOYDADA.

No. 166.

District Court, N. D. Texas, Lubbock Division.

May 27, 1936.

Wm. H. Jack, Jr., and Saner, Saner & Jack, all of Dallas, Tex., for complainant.

Ben Ayres, of Floydada, Tex., and E. L. Klett, of Lubbock, Tex., for respondent.

DAVIDSON, District Judge.

On the 12th day of August, 1928, the city of Floydada, Tex., agreed to purchase from the plaintiff the American La France & Foamite Industries, Incorporated, a fire-fighting apparatus and equipment includ-

ing a chemical hose, hook and ladder, and pumper, and contracted to pay therefor the sum of $10,500; $1,500 was to be paid in the exchange of an old equipment, $1,000 in cash, and $8,000 in deferred payments. On the 23d day of January, 1929, upon the delivery of said truck and fire-fighting apparatus, a further confirmation of the trade was entered into and the old truck was delivered upon a consideration of $1,500 and a thousand dollars in cash was paid. The city contracted to pay the balance in negotiable notes or warrants at the rate of $1,000 per year thereafter with 6 per cent. interest and represented that "said warrants are valid and legal enforceable obligations of the municipality." To make this obligation legal and effective, it was the duty of the city under the Constitution of Texas, article 11, § 5, to have levied a tax to pay the interest as it accrued and to provide a sinking fund to apply towards the liquidation of the principal. The city failed to levy such a tax and to perform its duty in this particular. It was likewise the duty of the plaintiff, the seller of such fire-fighting apparatus, to see that such ordinance was passed before accepting the warrants. In this respect it likewise failed in the performance of its duty. The warrants could not be negotiable because they were not legal. They were not legal and valid because the constitutional levy for the payments and liquidation had not been made.

The contract and negotiations bear every evidence of good faith on the part of both the city and the plaintiff. The failure to levy the tax ordinance to make the warrants negotiable, legal, and valid was a common error and a mutual mistake. The city took the truck and apparatus and used and has continued to use it. When the first warrant fell due, it was paid promptly on January 23, 1930. The second warrant was likewise paid promptly on January 23, 1931. The third warrant was likewise paid promptly on January 23, 1932. On January 23, 1933, the city had not been able to collect much of the taxes that were due from the tax paying public and was unable to meet its payments. It did not, however, in any sense repudiate the warrants, nor did it discontinue the use of the truck. In 1934 it again defaulted. Negotiations were taken up between it and the plaintiff. But in none of these negotiations did the city disavow its obligation. In August, 1934, the city through its city attorney advised the plaintiff for the first time that the warrants were illegal in that no tax levy had been made as required by the Constitution of Texas and that therefore the warrants were void. The city did not yet, however, decline the payment of the notes, but suggested that some negotiations be entered into looking to an amicable adjustment. The negotiations failed to reach any satisfactory result. The plaintiff did on the 25th day of January, 1936, institute suit in this court upon its warrants, and in the alternative pleaded and prayed for a return of its truck and fire-fighting apparatus and for judgment for the reasonable use and rental thereof. The defendant answered and denied liability declaring the warrants void and the debt unenforceable and refused to return the truck or to pay any rental thereon, and, moreover, asked for judgment for the money that it had heretofore paid.

A municipality cannot in good grace ask to retain the possession of property which it has obtained from another party in good faith without paying for the property or returning the same with the reasonable rental thereof.

A similar case to the one now before us is found in Mineralized Rubber Company v. City of Cleburne, 22 Tex.Civ.App. 621, 56 S.W. 220, where it was held that a debt of this character was void but that the seller was entitled to recover back his property and compensation for its use. Again in the case of Fabric Fire Hose Company v. City of Teague (Tex.Civ.App.) 152 S.W. 506, it was held that a debt of this character was void, but that the seller was entitled to recover back his property, and that there existed an implied promise on the part of the city to pay a reasonable rental value. So in the case of the City of Fort Worth v. Reynolds (Tex.Civ.App.) 190 S.W. 501, 502, 504, it was held: "Under such circumstances, it seems manifestly * * * unjust to permit the city to keep and use for its own benefit * * * property * * * and at the same time * * * repudiate its obligation on the ground that its promise to pay was illegal." In City of Mission v. Eureka Fire Hose Company (Tex.Civ.App.) 67 S.W.(2d) 455, 456, Judge Fly, who is regarded as one of the most able of the Texas judiciary, declared in one of his last decisions, expressing himself in the following strong language: "Municipalities should be and are compelled to act with some degree, at

least, of honesty and uprightness in their dealings with the public, and should not be permitted to evade the payment of their obligations on bare technicalities, when they have received full value from the commodities furnished them * * * Our courts have uniformly announced the doctrine that where a county or municipality receives benefits under a contract, illegal because not made in conformity with the Constitution or statute of the state, or charter provision of the city, it will be held liable on an implied contract for the reasonable value of the benefits which it may have received. In other words, while such contracts are void, and no recovery is permitted thereon, our courts hold that common honesty and fair dealing require that a county or municipality should not be permitted to receive the benefit of money, property, or services, without paying just compensation therefor." In City of New York v. Davis (C.C.A.) 7 F.(2d) 566, the Circuit Court there held that where materials are furnished to a municipal corporation which are necessary and of which the city accepts the benefit, it is liable on quantum meruit for the reasonable value thereof though there be no valid contract between the parties. A similar ruling was made in Horne Zoological Arena Co. v. City of Dallas (Tex.Civ.App.) 45 S.W.(2d) 714.

■ In the opinion of the court the rule of law announced in 30 Tex.Jur. § 185, p. 337, is applicable to the present case: "One who sells real or personal property to a municipality under a contract which is forbidden by the Constitution or a statute may recover the property if he can identify it and it is not necessary for a municipal purpose and he may also recover compensation for its use while in the possession of the city. The theory on which the city is required to restore the property is that until it is paid for as between the city and the seller the beneficial title in equity never passes and that the legal title acquired by the city, if any, is held in trust for the benefit of the vendor." We do not believe that the plaintiff has been guilty of laches by any indulgence that it has extended the city of Floydada. Negotiations were constantly in progress and no direct repudiation of the city by Floydada was ever made until after the institution of this suit and, moreover, a municipal corporation in its commercial transactions must conform to those rules of commerce and business by which individuals and private corporations carry on negotiations and trade. A private corporation could not be heard to plead laches or limitations under the state of facts in this case. Nor should a municipal corporation under like circumstances be heard to so plead. Speaking upon this subject we again quote Justice Fly, supra: "The evidence indicates that during all the years that the hose was in the possession of appellant it was used for the purposes for which it was manufactured and for which it was sold, and justice, equity, and good conscience would demand the payment by the city for the value of such hose. We are of the opinion that the acknowledgement in writing, by the mayor, of the receipt of the hose and its use by the city, was sufficient to suspend the running of the statutes of limitation and would bind the city in connection with its appropriation of the hose. The acknowledgement was an unqualified notice that the city had received the hose, and that it intended and promised to pay for the same."

■ It is the opinion of the court that the warrants are void and unenforceable because at the time the warrants were issued the constitutional provision for an adequate tax levy was not made. The parties therefore find themselves each in possession of the other's property so that in August, 1934, when the city first called attention to the illegality of its obligation, the status of the parties would be embraced in the following statement: The city of Floydada had a fire-fighting truck and apparatus which was the property of the plaintiff and which it was using and had been using and which it continued to use. The plaintiff held in its possession the old truck and its proceeds or value together with the cash payments that had been thereon made. The contract cannot be enforced, nor can it be rescinded and the parties restored to their original status. The truck is no longer new and interest and rents have entered into the picture. It is the holding of this court that in the light of equity and good conscience, since the city declines to pay for the property in its possession, it must return that property to its former owner together with the reasonable rental thereon which the court, under the evidence, finds to be due at the rate of $130 per month, with interest at the rate of 6 per cent. per annum on each deferred payment since the 23d day of January, 1929. The court finds that the

city of Floydada is entitled to have credited upon this rental the sum of money now in the possession of the plaintiff that has heretofore been made as a partial payment on such truck and equipment and that it have and be allowed 6 per cent. interest on such money from the date of each payment down to this date; that the plaintiff have judgment against the city of Floydada for any balance remaining after the application of such credit and judgment for its truck and the cost of the reasonable freight charges back to its plant at Elmira, N.Y., and judgment will be rendered accordingly.