## THE CITY OF SAN ANTONIO V. JOHN C. FRENCH.

### No. 6951.

1. **Tenant Holding Over — Landlord and Tenant.** — The tenant who holds over after the end of the term under which he entered with consent of his landlord is deemed to be in possession upon the terms of his prior lease, upon the ground that the parties are presumed to have tacitly renewed the former agreement.

2. **Same.**—This rule obtains where the tenant is a natural person. It does not obtain where the tenant is a municipal corporation.

3. **Same—Contracts by City.**—The act of holding over leased premises occupied by the city under a lease for one year will not bind the city. The control of city finances must be exercised by the city council. The city can not be bound by the unauthorized acts of its officers.

4. **Same.**—The city however would be liable for the time the leased premises were held by the city officials upon the terms of the original lease.

APPEAL from Bexar. Tried below before Hon. G. H. Noonan.

The opinion states the case.

*Oscar Bergstrom* and *McLeary & King*, for appellant.—1. The tenant holding over after the expiration of a lease in which a monthly rental is reserved is only a tenant at will, or at most from month to month. Tayl. on Land. and Ten., secs. 524, 22, 642.

2. The defendant being a municipal corporation had no authority to contract, either expressly or by implication, for the lease of premises which were not in fact occupied and used for municipal purposes. 1 Dill. Mun. Corp., 3 ed., secs. 449, 455; Tayl. Land. and Ten., secs. 23–25; Falley v. Gibbs, 29 Ind., 214.

3. The defendant city could only be bound to pay rent by an express contract duly executed, or by actual use and occupation of the premises for which rent is claimed.

*William Aubrey* and *C. Upson*, for appellee.—1. Under a contract of lease for one year, with a renewal clause as follows, "It being understood that the city of San Antonio, through its corporate authority, shall have the right to renewal yearly of said premises leased for the term of one or more years after the expiration of this lease, and at the same price and on the same conditions with a holding over from year to year by the tenant for the term of five years, the tenant paying rent regularly all that time as called for by the lease; and on abandonment of the premises without notice by such tenant after the commencement of the sixth year," such tenant is liable for the contract rent of the premises for the remainder of the unexpired sixth year, particularly when such tenant evidenced its intention to hold over for such year by making an appropriation for the payment of the rent called for by such lease for the said sixth year. Randall v. Thompson Bros., Ct. App.

C. C., sec. 1102; Delashman v. Berry, 20 Mich., 292; Schuyler v. Smith, 51 N. Y., 309; Tenstegge v. Benevolent Society, 92 Ind., 82; Thiebaud v. Bank, 42 Ind., 212; Wolff v. Wolff, 69 Ala., 549; Montgomery v. Commissioners, 76 Ind., 362; Wood's Land. and Ten., pp. 59, 60, 61, 62, 181, 678, note 3; 1 Tayl. Land. and Ten.; sec. 22.

2. The defendant being a municipal corporation had authority to contract, either expressly or by implication, for the lease of premises, whether they were in fact afterward occupied and used for municipal purposes. 1 Dill. Mun. Corp., secs. 383, 385, and notes; City Charter, art. 1, secs. 1, 3.

GAINES, ASSOCIATE JUSTICE.—This was an action brought by the appellee to recover of the city of San Antonio the rent of certain rooms for the term of one year beginning on the 1st day of May, 1885. The facts which gave rise to the litigation are as follows: On the 6th day of May, 1879, the city council of the city of San Antonio passed an ordinance authorizing the mayor of the city to enter into contract with the plaintiff for the lease of certain rooms in a house known as the French Building for the use of the city for the term of one year, at a rental of $90 per month, payable in quarterly installments. In pursuance of the authority so conferred, the mayor on behalf of the city and the plaintiff for himself and as agent of his wife executed a written contract for the lease of the rooms from May 1, 1879, to April 30, 1880, upon the terms recited in the ordinance. The contract as executed also contains a stipulation that the city should at the expiration of the lease have the right of renewal. The city took possession of the rooms and its officers continued to occupy and use them until the month of May, 1885, and during the greater part if not the whole of that month. The rent appears to have been paid for the occupancy of the premises for the year ending April 30, 1885, as well as for previous years. About the 1st of June, 1885, in pursuance of the formal action of its council the city vacated the rooms, and sometime thereafter the plaintiff took possession; but at the time he did so he gave the city written notice that he took possession merely for the purpose of preserving the property, and not to interfere with its use under the lease, which he claimed to be in force until April 30, 1886. Subsequently the plaintiff let some of the rooms and received as rent on the same during the alleged term the sum of $315. Upon the trial he recovered a judgment for the full year's rent, less this sum. There was no conflict in the evidence, and the foregoing statement suggests the meritorious question presented by the appeal.

The appellee contends that by reason of the city's holding over after April 30, 1885, it became bound as a tenant for the next ensuing year, subject to the terms of the original contract. That a natural person under the circumstances would have been so bound and therefore liable

to pay the rent for the entire year we think is not to be denied. We understand the doctrine in the courts of this country to be that if the tenant hold over after the termination of his lease the landlord has his election to dispossess him or to treat him as a tenant for the next succeeding year under the provisions of the expired lease so far as they are compatible with a yearly holding.

The English doctrine is stated as follows by an eminent text-writer: "But though at the end of the lease if the tenant holds over he holds as a tenant at sufferance, still 'if, when the period for the payment of the rent becomes due, he pay the landlord the rent reserved by the expired lease he becomes a tenant from year to year; the payment of such rent by him and the receipt of it by his landlord being considered indicative of their mutual intention to create a yearly tenancy. * * * And it is very remarkable that the yearly tenancy thus raised is governed not by the simple rules which govern yearly tenancies in the absence of express stipulation, but by the provisions of the expired lease so far as they are consistent and compatible with a yearly holding." Smith on Landlord and Tenant, *219.

Chancellor Kent lays down the doctrine as follows: "If the tenant holds over by consent given either expressly or constructively after the determination of a lease for years, it is held to be evidence of a new contract without any definite period, and is construed to be a tenancy from year to year."

In Dowell v. Stephens, 4 McCord, 59, the Supreme Court of South Carolina say: "When a tenant holds over after the expiration of the lease with the express or tacit consent of the landlord, the law implies an agreement on part of the landlord that he will let and on the part of the tenant that he will hold on the terms of the expired lease, thus substituting the contract with respect to the terms which is past for that which is to come, not merely in form, but in its effect and substance."

In Dillon v. Roberts, 13 Sergeant & Rawle, 63, Chief Justice Tighlman says: "The general rule undoubtedly is that the law implied an agreement that he (the former lessee) should pay the same rent at the same time which he agreed to pay the first year."

In Ellis v. Paige, 1 Pick., 43, the Supreme Court of Massachusetts say: "If there be a lease for a year and the tenant continues in possession afterward, the law implies a tacit renovation of the contract."

In Schuyler v. Smith, 51 New York, 309, it is said: "The law is too well settled to be disputed that when a tenant holds over after the expiration of his term the law will imply an agreement to hold for a year upon terms of the prior lease."

With a view to the determination of the main question in the case, we have deemed it important to ascertain the underlying principle upon which the doctrine we have had under discussion is based. For this purpose we have quoted freely from the authorities, and we think

these quotations sufficient to show that the tenant who holds over with the consent of his landlord is deemed to be in possession upon the terms of his prior lease, upon the ground that the parties are presumed to have tacitly renewed the former agreement.

This brings us to the question, will the law imply a contract as against a municipal corporation? Let us state the question in a different form: Will a contract be implied on part of a city by reason of the acts of its officers, there being no formal agreement by the city council or by its authority, upon which body alone the power of contracting is conferred by the charter? We think the question must be answered in the negative. There are important reasons why the powers granted to a municipal corporation should be exercised only by the agencies designated by the Legislature for that purpose. The officers upon whom the authority to make contracts for the city are conferred should be presumed to be chosen with reference to the duties to be performed and to act in conformity to the law which confers the power. When the authority is conferred upon a body of officers such as a city council they must act together in formal meeting so as to secure proper discussion and deliberation upon the measures which are brought before them. To imply a contract from the informal action of individual members of the body or other officers of the corporation would be not only to recognize an authority not conferred by law and to thwart the will of the Legislature, but also to break down a safeguard erected for the protection of the city and its inhabitants against the inconsiderate action of its officers. It may be that when a municipal corporation has received the benefit of a contract which it had the power to make, but which was not legally entered into, it may be compelled to do justice and to pay the consideration, or at least to pay for what it has received. In such cases it is said that the law will imply a contract. But we think it contrary to sound principles to imply a contract in any other case. As said by Mr. Justice Field in the case of the Gas Company v. San Francisco, 9 California, 453, "where the contract is executory the corporation can not be held bound unless the contract is made in pursuance of the provisions of its charter; but where the contract is executed and the corporation has enjoyed the benefit of the consideration an implied assumpsit arises against it."

In the City of Bryan v. Page, 51 Texas, 534, this court decided that a contract could not be implied as against the city to pay counsel for a legal opinion contracted for by the mayor, although the council had availed themselves of the services rendered by the plaintiffs under the agreement with the mayor. In the opinion the court announce broadly the doctrine that a contract will not be implied on part of a municipal corporation. The case is a very strong one and it is certainly authority for holding that a contract can not be implied for a renewal of the lease in this case merely by reason of the officers having held posses-

sion after the termination of the lease. We think, however, the city is bound to pay for the rooms for the time its officers occupied them. ,

What we have said we think sufficient to dispose of the case, and we deem it unnecessary to consider the numerous assignments of error presented in the brief for the appellant.

·The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered April 24, 1891.