## KITTRELL v. CONANICO.
### No. 2777.

Court of Civil Appeals of Texas. El Paso.
Dec. 22, 1932.

W. Gregory Hatcher and J. Lee Zumwalt, both of Dallas, for appellant.

John G. Whitaker and Oren Parmeter, both of Dallas, for appellee.

HIGGINS, J.

This is a suit by Conanico against Kittrell.

The plaintiff, in his original petition, alleged he entered into a written contract with defendant whereby plaintiff agreed to make certain improvements on property owned by defendant for which the latter agreed to pay $1,700; that at defendant's request he made additional improvements for which defendant agreed to pay $66.50; when the work was practically completed defendant ordered plaintiff to cease work and to leave the premises. A credit of $1,000 paid was admitted and judgment prayed for the balance of $766.-50 and attorney's fee of $153.30, making a total of $919.80.

Defendant pleaded to the jurisdiction of the court setting up fraudulent allegations by plaintiff so as to bring the amount in controversy within the jurisdiction of the county court at law. He also moved to consolidate with another cause.

He answered by demurrers, general and special, general denial, special denials of various allegations of the petition, one of such denials controverting plaintiff's allegation that $1,000 had been paid upon the contract price. Defendant also set up a counterclaim of $1,350.68, averring plaintiff had improperly done his work and he (defendant) had been compelled to expend $815.68 for labor and material in making good the defective and incomplete work of plaintiff and for such purpose would have to expend the additional sum of $535. Other allegations in the answer need not be stated as they are not pertinent to the questions presented by the appeal.

Defendant attached, as an exhibit to his answer, an alleged copy of the written contract between the parties. In an amended petition plaintiff alleged the contract so at-

tached was an alteration and not the true contract.

Upon special issue findings judgment was rendered in plaintiff's favor for $536.50, that being the balance due upon the sum of $1,766.50, less a credit of $1,030 which the jury found had been paid and the further sum of $200 which it was found would be necessary to complete the work.

The record contains neither statement of facts nor bills of exception. No exception was taken in the court below to the court's charge.

■ Those propositions relating to the alleged action of the court in overruling the plea to the jurisdiction, motion to consolidate, and the demurrers, are overruled.

In the first place the record fails to show any action thereon by the court and for this reason it is presumed they were waived.

■ Even if the record did disclose the court's ruling thereon was invoked, we could not review the correctness of the rulings upon the jurisdictional plea and motion to consolidate without the evidence before us offered in support thereof. The jurisdictional plea would not be well taken unless it was shown the credit of $1,000 admitted by plaintiff had been falsely admitted for the fraudulent purpose of conferring jurisdiction upon the county court at law. Furthermore, the findings of the jury show that such $1,000 credit was properly allowed.

■ As to the counterclaim of defendant for $1,350.68, that has no bearing upon the jurisdiction of the court of the plaintiff's suit.

The counterclaim was for an amount beyond the jurisdiction of the court (Gimbel v. Gomprecht, 89 Tex. 497, 35 S. W. 470), and defendant could not defeat the jurisdiction over the plaintiff's claim by the filing of such a counterclaim. 11 Tex. Jur. 755.

■ As to the motion to consolidate, the evidence in support thereof is not before this court, and in this condition of the record it is obvious we could not say the motion should have been sustained.

■ Propositions 5 and 6 question the sufficiency of the evidence to support certain findings. Without the evidence these propositions present nothing which we can review.

■ Propositions 7 and 8 are without merit in view of the issue of alleged alteration of the contract, and the further fact that no exception was taken to the submission of the issues referred to in these propositions.

■ The failure to answer question 3 is harmless error. If it had been answered in the negative, as the defendant contended it should have been answered, the plaintiff would nevertheless have been entitled to judgment on the answer returned to question 1 on the issue of alteration of the written contract pleaded by defendant. The failure to answer No. 3 was evidently due to the erroneous condition upon which the jury was instructed to answer the same. The court directed the jury to answer No. 3 in the event No. 1 was answered "No." The jury, in response to question 1, found that the written contract had been materially changed after being signed and delivered to defendant. Upon this finding the issue presented by question 3 passed out of the case.

There is no inconsistency in the findings upon issues 4, 5, 7, and 8, when considered in connection with the issue of alteration of the written contract and the finding thereon in response to question 1. The apparent inconsistency arises out of the awkward form and manner in which the issues in the case were submitted.

■ The first judgment entered in the case recites it was rendered upon the verdict and findings of the jury. Upon a later date in the term a corrected judgment was entered showing that it was rendered upon the findings of the jury "and the undisputed facts in this case." This matter presents no error for the court was not required to submit to the jury issues upon which the evidence was undisputed. Speers' Law of Special Issues, § 163. A finding by the court upon undisputed issues involves no invasion of the province of the jury.

■ For the reason just stated the eighteenth proposition presents no error. In the state of the record it must be assumed the undisputed evidence discloses that defendant prevented plaintiff from fully completing his contract.

■ As to the seventeenth proposition it is well settled that, if plaintiff was prevented from fully completing the improvements by the wrongful act of the defendant, the plaintiff was entitled to recover upon the contract for the work actually done.

10 Tex. Jur. Title Contracts, § 259, and cases there cited.

The jury found it would cost defendant $200 to complete the improvement, and credit for such amount was allowed.

Affirmed.