## CITY OF MISSION v. EUREKA FIRE HOSE MFG. CO.

### No. 9163.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 8, 1933.

Rehearing Granted Jan. 4, 1934.

Further Rehearing Denied Jan. 31, 1934.

W. R. Blalock, of Mission, for appellant.

Kelley, Looney & Norvell, of Edinburg, for appellee.

FLY, Chief Justice.

This is an action for money alleged to be due on two contracts by the appellant to appellee. The contracts for the purchase of the hose were attached to and made part of the petition. The cause was tried before the court, without a jury, and judgment rendered for $1,499.10, together with interest from the date of the judgment, December 14, 1932.

It is not denied by appellant that the hose described in the petition was furnished by appellee to appellant, and no complaint is made of the kind or quality of the hose furnished, and the evidence tends to show that it was received and used by the appellant. Payment of the amount due for the hose was sought to be evaded on the plea that the contracts were not authorized by appellant and were not executed by any officer who had the right and power under the charter to execute such contracts. The statute of limitation of four years (Rev. St. 1925, art. 5527) was pleaded in regard to the contract, which was dated in September, 1927, the suit having been filed in October, 1932. The contract for the last hose purchased was dated September, 1929, and the statute of limitation of two years was pleaded by appellant as to that contract. There were various acknowledgments of the justice of the account and promises to pay the same, on a number of dates after 1929, but appellant pleads that these acknowledgments were signed by no one authorized by the city commission to sign such instruments. The first contract, dated September, 1927, was executed on the part of appellant by Ross A. Marcus, the fire chief. That contract was for $700 worth of hose. The second contract, dated September, 1929, was executed for the city by G. F. Dohrn, mayor. The last acknowledgment of the justice of the

456

debt and promise to pay was dated August 25, 1931, and was signed by Ross A. Marcus, as mayor, and who was fire chief when the first hose was ordered. In his communication he is quite eloquent and effusive in his commendation of the hose, and he states "this recommendation came from my deep founded belief in the superiority of your product and the fair dealing of your company."

The evidence indicates that during all the years that the hose was in the possession of appellant it was used for the purposes for which it was manufactured and for which it was sold, and justice, equity, and good conscience would demand the payment by the city for the value of such hose. We are of the opinion that the acknowledgment in writing, by the mayor, of the receipt of the hose and its use by the city, was sufficient to suspend the running of the statutes of limitation and would bind the city in connection with its appropriation of the hose. The acknowledgment was an unqualified notice that the city had received the hose, and that it intended and promised to pay for the same.

■ Municipalities should be and are compelled to act with some degree, at least, of honesty and uprightness in their dealings with the public, and should not be permitted to evade payment of their obligations on bare technicalities, when they have received full value from the commodities furnished them. This position is fully sustained by the Commission of Appeals and adopted by the Supreme Court in the case of Sluder v. City of San Antonio, 2 S.W.(2d) 841, 842. In that case it was held: "Since the decision in the French Case [80 Tex. 575, 16 S. W. 440, 26 Am. St. Rep. 763] our courts have uniformly announced the doctrine that where a county or municipality receives benefits under a contract, illegal because not made in conformity with the Constitution or statute of the state, or charter provision of the city, it will be held liable on an implied contract for the reasonable value of the benefits which it may have received. In other words, while such contracts are void, and no recovery is permitted thereon, our courts hold that common honesty and fair dealing require that a county or municipality should not be permitted to receive the benefit of money, property, or services, without paying just compensation therefor. Under such circumstances, a private corporation would clearly be liable under an implied contract. There can be no sound reason why the same obligation to do justice should not rest upon a municipal corporation."

We indorse this declaration, and, applying it in this case, we overrule all of the propositions of appellant, and affirm the judgment of the lower court.

On Motion for Rehearing.

■■ The petition in this case declared upon express contracts executed by officers of the municipal corporation. The contracts were alleged and proved to be in writing, neither of them shown to have been executed by the governing body of the municipality, one having been executed by the fire chief and the other by the mayor. There being no express contract binding upon the city because not executed by its authority, it could only be held liable on an implied contract arising from the fact that it had accepted and used the hose sold to its unauthorized officers. The proof showed that the hose had been ordered by the fire chief and mayor and had been for years used by the city, no protest having ever been uttered against the purchase of the hose. The hose should have been paid for by the city, and the cause should not have been allowed to be sued upon in the courts of the county. But in spite of these facts this court is bound to uphold the rule provided for in the trial of all cases, and that is the allegations and proof must correspond. The petition having declared upon an express contract, appellee could not recover upon an implied contract, because the proof necessary to establish the latter is altogether different from that required to establish the former. It follows that the question of implied contract can have no force or effect in the decision of this case, and, that being the condition of affairs, appellee has failed to establish a cause of action. There being no basis for a recovery on an implied contract, it follows that there could be no basis for holding that the officers had the implied authority to waive limitations. The evidence established limitations in both instances.

Because there were no allegations that were supported by facts to sustain a judgment in favor of appellee, the motion for rehearing is granted, the judgment of the lower court is reversed, and judgment here rendered that appellee take nothing by its action.