## CITY OF FLOYDADA v. AMERICAN LA FRANCE & FOAMITE INDUSTRIES, Inc.

### No. 8191.

Circuit Court of Appeals, Fifth Circuit.

Jan. 26, 1937.

Rehearing Denied Feb. 23, 1937.

E. L. Klett, of Lubbock, Tex., and Ben P. Ayres, of Floydada, Tex., for appellant.

W. H. Jack, Jr., of Dallas, Tex., for appellee.

Before HUTCHESON and HOLMES, Circuit Judges, and STRUM, District Judge.

HOLMES, Circuit Judge.

In January, 1929, the appellee sold and delivered to appellant a certain truck, equipped with fire-fighting apparatus, for the price of $10,500, payable $2,500 upon delivery and the balance in eight annual installments of $1,000 each, evidenced by a city warrant for each installment, bearing interest at the rate of 6 per cent. per annum from January 1, 1929. The delivery payment of $2,500 was satisfied in cash, except as to $1,500 which was allowed as a credit for an old truck, traded by the City to the seller of the new truck. The first three warrants were paid upon maturity, but the fourth, which became due in January, 1933, was not paid, and no further payments have been made by the City upon the balance of $5,000 and interest. The contract of sale provided that the buyer, when requested by the company, should furnish a satisfactory opinion of its attorney to the effect that the City had the power to make the contract, and that the warrants to be given for the purchase price would be "valid, legal, and enforceable obligations of the municipality." It does not appear that a request for such opinion was ever made by the company, but we regard this as immaterial, because, as will appear later, this clause fell with the whole contract which was avoided by a constitutional inhibition.

On May 23, 1936, the appellee filed suit against the City, seeking to recover the balance due on the purchase price, and, if for any reason it was not entitled to have judgment upon said unpaid warrants, praying for the return of the truck and a reasonable rental for its use during the time it had been in possession of the municipality. It is conceded that the contract of sale and the warrants issued in pursuance thereof were void, under sections 5 and 7, art. 11, of the Constitution of Texas, because at the time the debt was created no provision was made to assess and collect annually a sufficient sum to pay the interest thereon and create a sinking fund of at least 2 per cent. of the principal (City of Terrell v. Dessaint, 71 Tex. 770, 773, 9 S.W. 593); but appellant assigns error to the action of the court in awarding title and possession of the truck to appellee and a reasonable rental as compensation for its use. The City objects to surrendering the truck and paying for its use, upon the contention that this action is wholly barred by local statutes of limitation.

The Constitution of the State was binding upon both parties to the contract, and it was their duty to see to it that provision for the tax was made at the time the debt was created. Since they failed to do so, their express contract of sale in violation of the Constitution was nullified, and the

warrants sued on never became valid or enforceable.

■ However, upon the facts accomplished in the frustrated effort to deal between themselves without complying with the constitutional mandate, the general law fixed the legal relation of the parties and implied a contract between them consistent with honesty and fair dealing. The title to the fire truck never passed to the City, but remained in the would-be vendor; and, since its actual possession was transferred to the latter, and by it the chattel was put to beneficial use, the law implied an agreement to pay a reasonable compensation as hire, the amount thereof being within the current revenues of the City. Mineralized Rubber Co. v. Cleburne, 22 Tex.Civ.App. 621, 56 S.W. 220; Fabric Fire Hose Co. v. Teague (Tex.Civ.App.) 152 S.W. 506. Also cf. City of Mission v. Eureka Fire Hose Mfg. Co. (Tex.Civ.App.) 67 S.W. (2d) 455, where recovery was first allowed, then denied because the implied obligation was not within the pleadings.

■ We find no error in the decision of the court awarding possession of the truck to appellee, since the City's possession was permissive and not adverse, under the implied agreement above mentioned; and no statute of limitation ran in its favor; but we find there was error in wholly denying the City's plea that the claim for compensation was barred by lapse of time. Article 5526 of the Revised Statutes of Texas provides, in part, that actions for debt where the indebtedness is not evidenced by contract in writing shall be commenced within two years after the cause of action shall have accrued, and not afterwards. The written contract having been annulled, as we have seen, and the implied agreement herein sued on not being evidenced by contract in writing, it is clear that the above statute of limitation applies to this claim; but the trial court held that, if deemed applicable, the statute was suspended by the acts of the City through its duly authorized agents, and allowed appellee to recover the reasonable value for the use of the property, at the rate of $130 per month, with 6 per cent. interest on each deferred payment from January 23, 1929, upon which amount it credited the agreed value of the old truck,

and all sums paid by appellant, with interest. The statute which prohibits the commencement of actions for debt, unless filed within two years after the cause of action accrued, may be invoked by a municipality as by any other party being sued, and we find nothing in the record in this case to estop the appellant from availing itself of the benefit thereof.

It is therefore necessary to examine the pleadings and proof to see what amount is claimed by appellee, and when it became due. City of Mission v. Eureka Fire Hose Mfg. Co. (Tex.Civ.App.) 67 S.W.(2d) 455. The trial court found that $130 per month was a reasonable rental, and we see no reason to disturb this finding. The evidence introduced by appellee and the findings of the court proceed upon the theory of an implied contract for payments by the month. No valid objection appears to this assumption, and the evidence supports the findings of the court as to the reasonable rental. At the rate of $130 per month, all payments made by the City were fully consumed more than two years before this action was filed. All rental payments which accrued after said credits were consumed, and not within two years before this action was filed, were barred by the above-mentioned statute.

From the record before us, it is difficult for this court to calculate the exact amount due, and therefore the decree of the court below will be reversed as to the amount awarded appellee, and the cause will be remanded for the sole purpose of an accounting between the parties as to the rental items not barred by the statute of limitations. The decree is affirmed as to the possession and delivery of the truck, the application of all payments by the City to the oldest items in the account, the reasonable value of $130 per month for use of the truck, and all other matters except as to the total amount awarded. In that respect, it is reversed and remanded for the purpose of ascertaining the unpaid barred items and deducting them from the rentals which were allowed by the court below. The costs of this appeal will be assessed against appellee.

Affirmed in part and reversed in part, and remanded for further proceedings not inconsistent with this opinion.