### CITY OF KIRBYVILLE v. SMITH.
### No. 3085.

Court of Civil Appeals of Texas. Beaumont.
April 7, 1937.

Rehearing Denied April 21, 1937.

WALKER, Chief Justice.

Appellant, City of Kirbyville, is a municipal corporation, duly chartered under the provisions of chapter 1, title 28, Revised Statutes of Texas (article 961 et seq.). As such municipal corporation, it installed and, in 1934, was operating a system of waterworks for the convenience of its citizens. In 1934, appellant's city council decided to install a sewerage system, and began negotiations with the Federal PWA agency to finance the project; for that purpose, PWA agreed to buy appellant's bonds in the amount of $38,000, to be secured by a pledge of the revenues from the sewerage system, and to give appellant a grant of $12,000, but required appellant to employ a competent attorney to supervise the issuance of the bonds. Under this requirement of the PWA, appellant's city council invited appellee, Judge Garland Smith, to appear before it, all members being present, to effect his employment. At that meeting appellant and appellee entered into a verbal contract whereby appellee, as appellant's attorney, was to "take charge and perform all the requirements necessary in and to said business until such time as all such work should be properly completed and said sewage system properly installed and in working order." No fee was fixed for appellee's services under that employment, but it was agreed that, when his work was completed, he should be paid for the reasonable value of his services, the compensation to be fixed by mutual agreement. Appellee entered upon the performance of the duties of his employment; bonds were voted, as required by PWA, pledging only the revenues of the sewerage system as a fund to liquidate the bonds, which was the original offer of PWA. After the bond election, PWA decided that the revenues from the sewerage system would not liquidate the bonds, and directed appellant to hold a second election, pledging, also, the revenues from the water works as security and as a liquidating fund for the bonds. That election was held as directed by PWA, and resulted in favor of the bonds. Every detail of this election was in accordance with law, and was approved by the Attorney General of Texas, and by counsel for PWA. In the meantime a new city administration was elected by appellant, which determined to switch from PWA to WPA as its financing agency; pending negotiations between appellant and WPA, appellant's city council passed an ordinance canceling all proceedings with PWA and WPA, relating to the installation of the sewerage system. Appellant discharged appellee as its attorney, and employed other counsel to represent it in all matters connected with this proceeding. Thereupon, appellee presented to appellant a bill for his services, which appellant refused

566

to pay. When notified of this action by appellee instituted this suit, pleading generally the facts as outlined above, and prayed for judgment against appellant for damages in the sum of $2,000, the reasonable value of the services rendered by him under his employment. Appellant answered only by general demurrer, general denial, and specially as follows: "Answering further, defendant says that said sewerage system has not yet been built due to the procrastination and negligent manner in which plaintiff and the City engineer handled such sewer project, as well as to the fact that said sewerage system could not be built as outlined by said city engineer and plaintiff with the finances which were available to defendant."

On the conclusion of the evidence the trial court overruled a motion duly presented by appellant, praying for an instructed verdict, and submitted to the jury the following questions, answered as indicated:

"Special Issue No. 1. Do you find from a preponderance of the evidence that about August, 1934, the City of Kirbyville, Texas through its Mayor and Board of Aldermen, employed the plaintiff, Garland Smith, to act as its attorney in proceedings to obtain funds from the United States Government through the sale of its bonds to said Government and a grant from said Government and construct a sewage system for said City? Answer 'Yes' or 'No.'" Answer: "Yes."

"Special Issue Number 2. If you have answered the foregoing special issue number One in the affirmative, then do you find from the preponderance of the evidence that the plaintiff, Garland Smith, rendered services to the City of Kirbyville, Texas, in connection with the said enterprise as long as the same were required? Answer 'Yes' or 'No.'" Answer: "Yes."

"Special Issue No. 3. Do you find from the preponderance of the evidence before you that the plaintiff, Garland Smith, rendered the defendant, the City of Kirbyville, Texas, his services as its attorney as long as it prosecuted the sewage system enterprise for which the Federal Government had agreed to buy its bonds and make its grant, at the time he was employed. Answer 'Yes' or 'No.'" Answer: "Yes."

"Special Issue No. 4. What do you find from the preponderance of the evidence is the reasonable value of the services performed, if any were performed, by the plaintiff, Garland Smith, for the defendant, the City of Kirbyville, Texas, in connection with the matter hereinbefore inquired about? Answer in dollars and cents, if any." Answer: "$1000.00 One Thousand Dollars."

Appellant requested no issue under its special answer, nor was any issue submitted justifying its discharge of appellee.

On the verdict of the jury, judgment was entered in appellee's favor for $1,000, from which appellant has duly prosecuted its appeal to this court.

## Opinion.

Appellant asserts that the contract sued upon by appellee was void because it rested in parol, and was not authorized by an ordinance or resolution duly passed by its city council; this contention is overruled. Where the city charter of a city provides that its contracts must be authorized by an ordinance or resolution, generally speaking, a valid contract can be made only by complying with such provisions of the charter. 30 Tex.Jur. 329, § 181; City of Bryan v. Page & Sims, 51 Tex. 532, 32 Am.Rep. 637; City of San Antonio v. French, 80 Tex. 575, 16 S.W. 440, 26 Am.St.Rep. 763; Sluder v. City of San Antonio (Tex.Com.App.) 2 S. W.(2d) 841; City of Denison v. Foster (Tex.Civ.App.) 28 S.W. 1052. But, unless the power of the municipality is restricted in this respect by its charter provisions, it may make a contract resting in parol, not evidenced by an ordinance or resolution. City of Brownsville v. Tumlinson (Tex. Civ.App.) 179 S.W. 1107; quoting from the section of Texas Jurisprudence cited above: "An oral contract is binding on the city unless the statute or charter requires a writing." In this connection, we say that appellant has no proposition challenging its *power* to make the contract with appellee for the purposes and on the consideration plead by him; the only exception to the contract in issue is brought forward by the proposition which we have discussed and overruled.

There is no merit in appellant's contention that appellee pleaded and proved only a cause of action resting on quantum meruit. Appellee's cause of action was upon an express contract to do and perform all legal services required in connection with the installation of the proposed sewerage system, and on an express

agreement that appellant should pay him for this service a reasonable compensation to be fixed by mutual agreement.

We overrule appellant's contention that, under the pleadings and the evidence, appellee had a cause of action only on quantum meruit; that, since the sewerage system was not constructed, appellee's services were worth nothing to appellant and, therefore, he could not recover; in effect, that appellee had no jury finding on the value of his services to appellant and therefore, his judgment was without support in law. Quantum meruit rests upon equitable principles; an action for breach of contract is a legal remedy. Discussing these two theories of recovery, Judge Cobbs, speaking for the San Antonio Court of Civil Appeals in Zaunbrecher v. Trim, 31 S.W.(2d) 839, 841, said: "The right to a recovery for breach of contract is a purely legal right. One of the parties having fully performed his obligation, the legal right of recovery exists for any loss or injury he may have suffered through the default of the other party to the contract, and this notwithstanding such party has derived no real benefit from such performance. Having received the thing for which he bargained, he is legally bound to pay therefor the contract price. Judge Cobbs proceeds further: "A right to recover upon quantum meruit, upon the other hand, is based entirely upon principles of a purely equitable nature, and to entitle one to recover upon such plea he must allege and prove that, notwithstanding his failure or inability to perform his agreements as made, yet the partial performance due to his attempted performance has conferred upon the other party to the contract a substantial benefit exceeding in value any loss he has actually sustained by reason of plaintiff's failure to perform fully his entire undertaking." Judge Cobbs said further: "There can be no intermingling of the causes of action; they are distinct, notwithstanding they may be joined in separate counts in the petition."

.In Dodds & Wedegartner, Inc., v. Reed (Tex.Civ.App.) 69 S.W.(2d) 165, it was said:

"Party may recover on the contract for partial performance where contract fixes his rights in such circumstances, and he may recover either on the contract or on quantum meruit if performance is wrongfully prevented by other party.

"Manager, who did not fulfill covenant in verbal contract to supervise construction of highway for salary and bonus on net profits because contractor transferred manager to another project before highway was completed, could sue contractor on the contract and not on quantum meruit. * * *

"Recovery may be had as if act had been performed under contract where party in whose favor act was to be performed prevented performance."

Under the doctrine of these cases, appellee's cause of action is for breach of contract and not an action on quantum meruit. Since the contract in its inception was legal, and, under the evidence, appellant had breached the contract by wrongfully discharging appellee and by refusing to pay him the reasonable value of his services, the court did not err in submitting the case to the jury.

While not submitted in so many words, the questions actually submitted to the jury constituted a finding in appellee's favor of substantial performance. Therefore, neither the issues pleaded by appellee, nor the issues raised by the evidence, nor the issues actually submitted to the jury, invoked the following proposition by appellant, which form the basis of one of its assignments of error: "In accordance with the rules already stated concerning strict and substantial performance, by the great weight of authority there can be no recovery on an entire contract for a part performance thereof, and the courts will not attempt to split up such contracts and apportion the consideration to the part performed." 13 C.J. 693, § 787. Appellee's cause of action falls within the principles announced by the following cases: In Kittrell v. Conanico, 56 S.W.(2d) 272, 273, speaking for the El Paso Court of Civil Appeals, Judge Higgins said: "It is well settled that, if plaintiff was prevented from fully completing the improvements by the wrongful act of the defendant, the plaintiff was entitled to recover upon the contract for the work actually done." Where a client wrongfully discharged his attorney, it was held by the Commission of Appeals in Thompson v. Smith, 248 S.W. 1070, that the attorney had a cause of action for the reasonable value of the services actually rendered by him. Where the attorney was wrongfully discharged, the Texarkana Court of Civil Appeals in Crye v. O'Neal & Allday, 135 S.W. 253, held that the attorney had a cause of action for the contract price of his services.

568

In the case at bar there was an express agreement that appellee should receive a reasonable compensation for his services to be fixed by the mutual agreement of the parties. Again, where the employee was wrongfully discharged, the Commission of Appeals in Phelps v. Connellee, 285 S.W. 1047, held that the employee had a cause of action for the contract price of his services, subject to certain defenses.

■ Appellant reserved the following exception to special issue No. 2: "Because the phrase used in said issue 'as long as same were required,' is not proper criterion as a basis for any judgment which might be rendered in favor of plaintiff, but the proper criterion is whether or not the defendant discharged plaintiff and whether or not the defendant refused to carry out its contract with the plaintiff." And the following exception to special issue No. 3: "Because the testimony showed that the defendant has never abandoned said project of prosecuting said sewerage system, and further shows that the plaintiff discontinued his services on behalf of defendant before the completion of said sewerage system, and even before the beginning of the construction of said system and without a showing on the part of plaintiff that he was discharged as said attorney by the defendant."

In support of these exceptions, appellant submits the following argument:

"Paragraph 721 Corpus Juris, supra, states the rule to be that a party to a contract cannot take advantage of his own act or omission to escape liability thereon, hence when he causes or sanctions a breach he cannot recover damages for non-performance nor interpose the breach as a defense to an action on the contract. And further stated under paragraph 726, supra, in order that the rule may apply, the renunciation must cover the entire performance to which the contract binds the promisor. And further, under paragraph 727, supra, the renunciation must be absolute and unequivocal; a mere expression of intention not to perform is not enough.

"The plaintiff being employed to assist the defendant legally through the entire project until the same was completed and in working order, and the further fact of their agreement, viz., that neither party knew the extent of the labor that would be required, it was agreed that plaintiff should serve and would serve until such work was entirely completed and then defendant would pay plaintiff cash so much as such services were reasonably worth, plaintiff was duty bound to serve defendant until such system was completed and in working order, and it was immaterial to the plaintiff whether his services would ultimately be worth one thousand dollars, two thousand dollars or five thousand dollars. He was entitled when the plant was completed to compensation for the reasonableness of his services, but not until then, unless plaintiff should have pleaded and proven definitely, which he did not do, that defendant had abandoned said project in its entirety, and, therefore, the issue as to whether or not plaintiff rendered his services to defendant as long as same were required, or as long as defendant prosecuted the sewerage system enterprise, was not raised either by the pleadings or the evidence, but both the pleadings and the evidence were to the effect that the defendant had not entirely abandoned said project but was still seeking to build same with the assistance of the WPA division of the Federal Emergency Administration of Public Works."

Under the facts, as detailed above, appellee was ready at all times to perform the services of his employment; he never voluntarily withdrew from his employment. He was notified that the city council had withdrawn from the sewerage enterprise and, when it did not pay for his services, he was informed that appellant had employed other counsel, and he was directed to go to such counsel for conference as to his attorney's fees, and was advised by such counsel that he would be paid nothing for the services rendered by him.

■ Appellant further excepted to special issue No. 3 on the ground that it was on the weight of the evidence, and assumed that the Federal Government had agreed to buy the bonds of defendant. This contention is overruled for the reason that the whole sewerage proposition was based upon the agreement by PWA to make the grant to appellant and to buy its bonds.

■ In discharge of his duties to appellant, appellee's services extended over a period of fifteen or eighteen months; he performed many services under this employment; the details of his employment are brought forward in a hypothetical question covering two or three pages of the statement of facts; on this testimony, expert and able counsel testified that ap-

pellee's fee should be from $1,000 to $1,500; the jury fixed the fee at $1,000, which was well within any reasonable appraisement of the value of the services rendered by appellee. Appellant's power to make the contract, that is, to employ appellee as its attorney, was inherent and necessarily incidental to its power to construct the sewerage system. City of Corsicana v. Babb (Tex.Com.App.) 290 S.W. 736.

It is our conclusion that the judgment of the trial court should be in all things affirmed, and it is accordingly so ordered.

Affirmed.

