THE ATTORNEY GENERAL
OF TEXAS
PRICE DANIEL                    AUSTIN, TEXAS



February 3, 1950

Hon. William L. Taylor          Opinion No. V-995.
Prosecuting Attorney
Harrison County                 Re: The authority of the
Marshall, Texas                     Commissioners' Court
                                    to retain attorneys to
                                    represent the County
                                    during the taking of
                                    depositions under the
Dear Sir: .                         submitted facts.

          Reference is made to your recent request in
which you ask:

          "(1)  Can the Commissioners' Court con-
     tract with attorneys to represent Harrison
     County during the taking of depositions be-
     fore any suit involving said county has been
     filed and at a time when there is no absolute
     certainty that a law suit of any kind involv-
     ing said county will be filed?

          "Assuming that the answer to the first
     question is in the affirmative,
          "(2)  Can the Commissioners' Court af-
     ter part of the services have been performed
     by the attorneys, enter an order to pay the
     attorneys for services performed, where no
     arrangements as to the fee to be charged were
     made prior to part performance of services
     by said attorney?"

          You stated in the brief submitted with your re-
quest:

          "At all of these deposition hearings the
     law firm . . . has had an attorney present
     . . . According to the County Judge the firm
     was asked to sit in on the hearings in behalf
     of the County with the understanding that ar-
     rangements for attorneys' fees would be made
     later.  No orders have been entered by the
     Commissioners' Court relative to the employ-
     ment."

It is stated in Volume 11 of Texas Jurisprudence at page 575:

"The commissioners' court has power to employ attorneys to assist the regularly constituted officers of the county in the prosecution of its claims and suits, and to pay for such services out of the county funds. It seems, however, that the commissioners' court does not have the power to deprive the county attorney of his rightful authority in this regard. The employment of counsel is restricted to special cases where the services of an attorney are required; nor has the court power to make an order which will warrant the payment of county money to an attorney for services neither required nor performed."

In Galveston County v. Gresham, 220 S.W. 560 (Tex.Civ.App.1920, error ref), the court had before it the question of whether the Commissioners' Court could employ an attorney to represent the county in the building of a sea wall. It was said:

"And if the commissioners' court thus had the broad power to construct this extension of the sea wall, its like authority to enlist the services of the appellee to that end would follow as a necessary implication; that being deemed essential to the exercise of the power and duty imposed upon it. Bank v. Presidio County, 26 S.W. 775; Waterbury v. City of Laredo, 60 Tex. 519."

It is apparent from the foregoing that the Commissioners' Court has the power and authority to employ attorneys in the prosecution of its claims and suits and to pay for such services out of the general fund of the county where the county, as a whole, is interested and affected in such proceedings.

You are therefore advised in answer to your first question that the Commissioners' Court can contract with attorneys to represent Harrison County during the taking of depositions before any suit involving the county has been filed and at a time when there is no absolute certainty that a law suit of any kind involving the county will be filed.

We will now consider your second question. In *City of San Antonio v. French*, 80 Tex. 575, 16 S.W. 440 (1891), it is stated:

"It may be that when a municipal cor-
poration has received the benefit of a
contract, which it had the power to make
but which was not legally entered into, it
may be compelled to do justice, and to pay
the consideration, or at least to pay for
what it has received. In such cases it is
said that the law will imply a contract . . .
As said by Mr. Justice Field in the case of
Gas Co. v. San Francisco, 9 Cal. 453: 'When
the contract is executory, the corporation
cannot be held bound unless the contract is
made in pursuance of the provisions of its
charter; but where the contract is execut-
ed, and the corporation has enjoyed the
benefit of the consideration, an implied
assumpsit arises against it.'"

In *Sluder v. City of San Antonio*, 2 S.W.2d 841, (Tex.Comm.App.1928) the following is stated:

"Since the decision in the French Case
our courts have uniformly announced the
doctrine that where a county or municipal-
ity receives benefits under a contract,
illegal because not made in conformity with
the Constitution or statute of the state,
or charter provision of the city, it will
be held liable on an implied contract for
the reasonable value of the benefits which
it may have received. In other words, while
such contracts are void, and no recovery is
permitted thereon, our courts hold that com-
mon honesty and fair dealing require that a
county or municipality should not be permit-
ted to receive the benefit of money, property,
or services, without paying just compensation
therefor. Under such circumstances, a pri-
vate corporation would clearly be liable under
an implied contract. There can be no sound
reason why the same obligation to do justice
should not rest upon a municipal corporation."
(Emphasis ours)

You are therfore advised that it is our opin-
ion that the Commissioners' Court of Harrison County may,

after part of the services have been performed by the attorneys, enter an order to pay the attorneys for services performed, where no arrangements as to the fee to be charged were made prior to the time of part performance of the services by such attorneys.

### SUMMARY

The Commissioners' Court can contract with attorneys to represent Harrison County during the taking of depositions before any suit involving the county has been filed and at a time when there is no absolute certainty that a law suit of any kind involving the county will be filed. 11 Tex. Jur. 575, Counties, Sec. 45; Galveston County v. Gresham, 220 S.W. 560 (Tex.Civ. App.1920, error ref.).

After part of the services have been performed by the attorneys the Commissioners' Court of Harrison County may enter an order to pay the attorneys for the services actually performed, even though no arrangements as to the fee to be charged were made prior to the time of part performance by the attorneys. City of San Antonio v. French, 80 Tex. 575, 16 S.W. 440 (1891); Sluder v. City of San Antonio, 2 S.W. 841 (Tex.Comm. App.1928).

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

By *Bruce Allen*

Charles D. Mathews
Executive Assistant

Bruce Allen
Assistant

BA:mw