**PEDIGO'S GROCERIES, INC., Appellant,**

v.

**MR. M CORPORATION, Appellee.**

**No. 21033.**

Court of Appeals of Texas,
Dallas.

April 26, 1982.

Timothy M. Fults, Shank, Irwin, Conant, Williamson & Grevelle, Dallas, for appellant.

Robert S. Addison, Storey, Armstrong, Steger & Martin, Dallas, for appellee.

Before ROBERTSON, STOREY and GUILLOT, JJ.

STOREY, Justice.

This is a summary judgment case in which a lessee, Pedigo's Groceries, Inc., appeals from a judgment declaring that its lessor, Mr. M Corporation, is authorized to cancel an existing lease between the parties at any time during the primary term of the lease. The lessee contends that the trial court's interpretation of the lease is erroneous because it results in an unreasonable construction contrary to the expressed intent of the parties. Alternatively, the lessee urges that the lease is ambiguous and the trial court erred in failing to construe it against its author and in failing to adopt a construction which would give effect to all of its provisions. We hold that the provision in question is neither ambiguous nor is enforcement according to its plain meaning unreasonable. Consequently, we affirm.

The lease contemplated construction of a convenience store on lessor's land at lessor's expense and the lease term commenced two weeks after delivery of the land and improvements to lessee. With respect to the term of occupancy, the lease provides:

> To Have and To Hold the same for a primary term of one hundred eighty months. *Both the lessor and the lessee agree that the lessor or the lessee may cancel this lease in its entirety by giving the other party 30 days written notice.* Such notice may be delivered in person or by registered mail. (Emphasis added).

In all other respects, the lease agreement contained substantially all of the provisions normally found in a standard commercial lease. It was about twelve pages in length and contained twenty-two numbered paragraphs.

The lessee took possession under the lease and had occupied the premises for about ten

years when it was given notice to vacate under the quoted lease provision. The lessee refused to vacate the premises, asserting that the cancellation provision was not effective during the primary term of the lease. The lessor brought this suit seeking to have its rights declared, and both parties moved for summary judgment.

In urging that the cancellation provision must be read to mean *at the expiration of the primary term,* lessee relies upon two well settled rules of construction. First, it insists, the court must ascertain and give effect to the intent of the parties by considering the entire agreement and the surrounding circumstances. *See Texas Utilities Fuel Co. v. First National Bank in Dallas,* 615 S.W.2d 309 (Tex.Civ.App.—Dallas 1981, no writ). In this connection it points to eleven separate provisions of the agreement which, according to lessee, are rendered meaningless if the lease is cancellable during the primary term. As mentioned above, these are the usual provisions normally associated with the standard, fixed-term commercial lease. They are rendered meaningless, lessee argues, because the cancellation provision makes the agreement nothing more than a month-to-month tenancy. Second, lessee insists that where possible we must harmonize all provisions of the lease to the end that they will all be given effect and none will be rendered useless. *See generally* 14 Tex.Jur.3d *Contracts* § 188 (1981), and cases cited therein. While we adhere to these general rules cited by lessee we cannot reach the conclusion here which it would have us reach.

First, we perceive nothing unreasonable or unusual in parties making rules to govern their relationship over an extended period of time while at the same time reserving to either party the right to terminate the relationship at any time. Indeed, the facts of this case demonstrate the need to make such long-term rules. Here the relationship of lessor and lessee continued for a period of ten years during which the parties were governed by the long-term provisions of the lease. The cancellation provision did not render the remaining provisions meaningless so long as the relationship existed.

Second, to adopt lessee's interpretation would most certainly require us to ignore completely and hold meaningless the cancellation provision itself, thereby violating the very rule of construction which lessee asserts. Additionally, to add to the cancellation provision the phrase which the lessee urges, *at the expiration of the primary term,* would be unnecessary, because, at the end of the term, either party would certainly have the right to cancel. In this connection, we point out that the lease contained neither a hold-over provision nor a renewal or extension provision. The absence of this phrase, therefore, indicates that the parties intended to allow termination during the primary term. Accordingly, we hold that enforcement of the cancellation provision is neither unreasonable nor does it effect a result contrary to the intention of the parties as expressed in the agreement.

▮ Additionally, we hold that in light of the surrounding circumstances the language of the cancellation provision appears to be capable of only a single meaning. Consequently, we are bound to confine our inquiry to the language expressed in the written instrument. *Sun Oil Company (Delaware) v. Madeley,* 626 S.W.2d 726, 731 (Tex.1981); *City of Pinehurst v. Spooner Addition Water Company,* 432 S.W.2d 515 (Tex.1968).

Affirmed.