PANOLA COUNTY APPRAISAL
REVIEW BOARD,
Appellant,

v.

John PEPPER, Chief Appraiser of
Panola County Appraisal
District, Appellee.

No. 06–96–00035–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Oct. 8, 1996.

Decided Oct. 22, 1996.

---

Brian L. Bunt, Roberts, Hill & Calk, Longview, for appellant.

Raymond R. Gray, Ray, Wood & Fine, Austin, for appellee.

Before CORNELIUS, C.J., and GRANT and STARR, JJ.

## OPINION

CORNELIUS, Chief Justice.

The sole question on this appeal is whether Tex.Tax Code Ann. § 25.07 (Vernon 1992) permits the taxation of a leasehold estate in exempt property in the name of the owner of the lease where the lease agreement provides for an initial term of six months, but contains provisions for successive extensions of the term and also provides that the lessor may terminate the lease on six months' notice. We hold that the leasehold estate is taxable against the leasehold owner.

The applicable statute provides in part that:

(a) Except as provided by Subsection (b) of this section, a leasehold or other possessory interest in real property that is exempt from taxation to the owner of the estate or interest encumbered by the possessory interest shall be listed in the name of the owner of the possessory interest if the duration of the interest may be at least one year.

Tex.Tax Code Ann. § 25.07(a).

The real estate in question is owned by the Panola County Fresh Water District No. 1. The district leased portions of the land that it did not need for lake purposes to various private individuals, some of whom have erected houses and other buildings on the leased property. Initially, the leases executed by the water district were for one-year terms with options to extend. Beginning in January of 1995, the leases were for six-month terms with successive options to renew and extend.

In 1994, the Panola County Appraisal District began assessing taxes against the leaseholders. The Appraisal Review Board determined that the leasehold estates were not taxable to the lease owners, and it ordered the chief appraiser to remove them from the tax roles. In 1995, the district again assessed taxes against the leasehold estates. The Appraisal Review Board again ruled that they were not taxable. The chief appraiser for the Appraisal District then filed suit against the Appraisal Review Board for declaratory judgment that the leaseholds were taxable in the names of the private parties holding those interests.

Both parties moved for summary judgment on the undisputed facts. The court granted the chief appraiser's motion. Because the facts are undisputed, the summary judgment motion advancing the correct legal interpretation of the statute should have been granted. We find that the district court's judgment is correct.

The express language of the statute governs the question before us. The statute provides that the leaseholds will be assessed in the names of the owners thereof if the "duration of the interests *may* be at least one year." (Emphasis added.)

The leases in question here are for specific terms of one year or six months, but they contain extension provisions. The one-year initial term leases provide for a

> primary term of one (1) year from and after the date hereof, *and for successive consecutive one-year renewal terms thereafter upon the payment of the stipulated annual rental* . . . .
>
> . . . .
>
> Each year hereafter, and so long as LESSEE is not in default of any of the terms or provisions of this lease, the term may *be extended for* a period of one (1) year by LESSEE's paying the sum of $_____ . . . .

(Emphasis added.) The six-month initial term leases contain the exact provisions except that the extensions are for successive six-month terms.

Because the leases are for an initial term of one year or six months with automatic successive extensions of the terms on payment of the rental, their duration, in the express words of the statute, *may* be at least one year.

Not only do the words of the statute compel this conclusion; the legislative intent also does. In construing the Tax Code, we are permitted to consider, among other things, the legislative intent, the legislative history, and the circumstances under which the statute was enacted. TEX GOV'T CODE ANN. § 311.023 (Vernon 1988).

■ Before the adoption of Section 25.07 of the Tax Code, the statute governing taxation of leaseholds on exempt property was Article 7173, Texas Revised Civil Statutes. That article provided that leaseholds on exempt land would be taxed to the owner of the leasehold if the lease was for a term of three years or more. That article was amended in 1971 to apply to leases for terms of one year or more. But in 1982, the Tax Code was adopted, and Article 7173 was replaced by Section 25.07 of the Tax Code. The fact that the legislature changed the wording of the statute from "property held under a lease for a term of a year or more" to "possessory interest if the duration of the interest may be at least one year" indicates that the legislature intended to include leases the initial terms of which are less than one year but which may be renewed or extended for at least a year. If the legislature had not so intended, the change of wording would have added nothing to the statute. We may not assume that the legislature intended for the words it used to have no meaning or purpose. *City of LaPorte v. Barfield,* 898 S.W.2d 288, 292 (Tex.1995). Moreover, we have before us a document entitled "Revision of Texas Ad Valorem Tax Statutes," which was prepared by the Law Research Corporation and presented to the review committee of the legislature studying revision of the Tax Code. The document comments on the purpose of the changes in Section 25.07 and states that the use of "may" in the amended version was intended to foreclose disputes over whether a short-term lease in which the lessee had an option to renew or a long-term lease in which the government retains a right to terminate sooner is taxable. Although this document is not direct evidence of legislative intent, it does shed light on the circumstances under which the statute was enacted and it lends credence to our view of the legislative intent drawn from the actual words used.

The board contends that the provisions for extensions in the leases make the leases periodic tenancies, with each extension or renewal constituting a separate lease. We disagree. Periodic tenancies are those where the agreement provides no fixed term, but is for period to period at the will of the lessor or the lessee. 49 AM.JUR.2D *Landlord and Tenant* § 130 (1995). The cases relied on by the board are inapposite. Indeed, the Supreme Court in *City of San Antonio v. French,* 80 Tex. 575, 16 S.W. 440 (1891), held that, as a general proposition, renewal of a lease by holding over without the execution of a new agreement constitutes an extension of the original lease as to all of its original terms. The court only held in that case that a municipal corporation could not be bound by such an informal arrangement.

■ Ordinarily, a renewal of a lease pursuant to an absolute option exercisable by paying the rent for the extended term amounts to an extension of the existing lease, and not a new lease. *Haddad v. Tyler Prod.*

*Credit Ass'n,* 212 S.W.2d 1006 (Tex.Civ. App.—Texarkana 1948, writ ref'd n.r.e.); *Springfield Fire & Marine Ins. Co. v. Republic Ins. Co.,* 262 S.W. 814 (Tex.Civ.App.— Dallas 1924); *compare Sunac Petroleum Corp. v. Parkes,* 416 S.W.2d 798 (Tex.1967); *see also Ask Enters., Inc. v. Johnson Model Bedding,* 155 Ga.App. 294, 270 S.E.2d 709 (1980); *Med–Care Assocs., Inc. v. Noot,* 329 N.W.2d 549 (Minn.1983); *Dubinsky Realty, Inc. v. Vactec, Inc.,* 637 S.W.2d 190 (Mo.Ct. App.1982).

Some courts make a distinction between renewals and extensions, holding that extensions continue the original lease in effect, whereas renewals ordinarily amount to new leases. 49 AM.JUR.2D *Landlord and Tenant* § 141 (1995). Texas has never recognized that distinction, however. *Haddad v. Tyler Prod. Credit Ass'n, supra* at 1008, and authorities there cited. Moreover, it is not the nomenclature of the right to extend the lease that determines whether it is an extension or a renewal, but the intention or expectations of the parties. 49 AM.JUR.2D *Landlord and Tenant* § 143 (1995). In this case, the leases refer to the continuation right as "extensions" in one clause and as "renewals" in another clause. The use of other language in the provisions, however, such as "successive consecutive" renewal terms, and "so long as LESSEE is not in default ... the term may be extended" indicates, we think, that the parties expected the leases to remain in force for substantial periods of time.

Another provision in the leases lends support to the conclusion that terms of more than six months or a year were intended by the parties. The lessor has the right to cancel the leases if it needs the land to effect the water district's purposes. But if the lessor cancels at any time during the "two-year period" immediately following the effective date of the lease, the entire rental must be refunded to the lessee. These provisions indicate that the parties expected the original lease to extend beyond its initial term.

Another indication that the parties intended for renewals to merely extend the original lease is that the leases do not provide for any new lease agreement or act on the part of lessees to effect the renewals. Rather, the extensions are automatic, merely by the lessee holding over and paying the rent. Renewals that amount to new, separate leases are usually effected by the execution of a new agreement or other appropriate evidence. *See Med–Care Assocs., Inc. v. Noot, supra* at 551.

The board cites several cases to support its positions. These cases, however, were all decided under the prior law, which required the lease duration to be for a fixed term. As noted earlier, the statute now provides that the leasehold is taxable if the duration of the lease may be at least one year.

The trial court properly granted summary judgment for the chief appraiser. The judgment is affirmed.