

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-09-00066-CV

## IN RE ROYALCO OIL & GAS CORPORATION

_____

## Original Proceeding

_____

# OPINION

_____

Royalco Oil & Gas Corporation seeks a writ of mandamus compelling Respondent, the Honorable Wayne Bridewell, Judge of the 249th District Court of Johnson County, to vacate his order granting Stockhome Trading Corporation's motion to transfer venue of the underlying suit to a district court in Tarrant County. We will deny Royalco's petition.

The parties' dispute arises from a salt water disposal lease agreement for a well to be located on "approximately thirteen (13) acres of land" situated in Johnson County. The lease was executed by Stockhome in favor of Triad Rovan Services, LP. Paragraph 10.8 of the lease fixes venue in Tarrant County for any litigation related to the lease.

Two months after signing the lease, Triad conveyed fifty percent of its interest to Royalco by a services agreement. A dispute later arose between Stockhome and Triad, and Stockhome evicted Triad from the property by a forcible detainer action. Stockhome then filed suit in Tarrant County seeking a declaration of rights under the lease. As a result of the eviction, Royalco was also locked out from the property. Royalco filed suit in Johnson County to protect its rights under the lease.[1]

Respondent granted Stockhome's motion to transfer venue of the Royalco suit from Johnson County to Tarrant County pursuant to the venue provision in paragraph 10.8 of the lease.

The issue in this proceeding is whether venue is governed by section 15.0115 of the Civil Practice and Remedies Code, which fixes venue for landlord-tenant disputes "in the county in which all or a part of the real property is located," or section 15.020, which provides that venue shall be in the county agreed to by the parties in a "major transaction." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.0115(a) (Vernon 2002), § 15.020(b) (Vernon Supp. 2008).[2] Resolution of this issue rests on whether the lease constitutes a "major transaction," which is defined by section 15.020(a) as:

> a transaction evidenced by a written agreement under which a person pays or receives, or is obligated to pay or entitled to receive, consideration with an aggregate stated value equal to or greater than $1 million. The term does not include a transaction entered into primarily for personal,

---

[1] Royalco did not receive notice of the Tarrant County lawsuit until about 2 weeks after filing suit in Johnson County.

[2] Section 15.0115 and section 15.020 are both mandatory venue provisions. However, section 15.020(c) provides in pertinent part that, when applicable, section 15.020 controls over other venue statutes in title 2 of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.020(c) (Vernon Supp. 2008).

family, or household purposes, or to settle a personal injury or wrongful death claim, without regard to the aggregate value.

*Id.* § 15.020(a) (Vernon Supp. 2008).

Paragraph 1.3(a) of the lease provides that it has a 99-year term. The stated consideration is found in paragraph 3.1 and consists of monthly rent payments of $20,000[3] or a "percentage rent" based on a stated fee per barrel of disposed or processed water once the well is in operation.[4] The lessee is considered in default if it: (1) fails to pay the monthly rent within fifteen days after written notice of nonpayment from Stockhome; or (2) fails to comply with "the other terms, covenants, agreements or conditions contained in this Lease." Upon the lessee's default, Stockhome may either terminate the lessee's right to possession of the premises or elect not to terminate the right to possession and "continue to enforce all its rights and remedies specifically set forth in this Lease, including the right to collect Monthly Rent as it becomes due." Stockhome may not, however, accelerate monthly rent.

The lessee also has a right to terminate the lease set out in paragraph 1.3(a) which provides in pertinent part, "Lessee may terminate this Lease at any time by giving written notice to Lessor."

Royalco acknowledges that the lease has a 99-year term but argues that this is not the true test for determining the aggregate stated value of the consideration. Rather, Royalco contends that, because the lease "is subject to termination at will by the

---

[3]     The lease provided for lower monthly rentals during the first 6 months of the lease term, but since February 2008 the monthly rent has been $20,000.

[4]     Apparently, the well is not yet operational.

Lessee(s)" and because Stockhome contractually waived its right to accelerate monthly rents in the event of default by the lessee, the aggregate stated value is no more than $20,000 per month.

In other words, Royalco argues that the lease created a periodic tenancy. We disagree. "Periodic tenancies are those *where the agreement provides no fixed term*, but is for period to period at the will of the lessor or the lessee." *Panola County Appraisal Review Bd. v. Pepper*, 936 S.W.2d 10, 12 (Tex. App.—Texarkana 1996, no writ) (emphasis added) (citing 49 AM. JUR. 2D *Landlord and Tenant* § 130 (1995)). The Dallas Court has rejected a similar contention, holding among other things that a 180-month lease which gave both parties the contractual right to cancel the lease at any time with notice did not create a "month-to-month tenancy." *See Pedigo's Groceries, Inc. v. Mr. M Corp.*, 633 S.W.2d 353, 353-54 (Tex. App.—Dallas 1982, no writ). "The existence in either landlord or tenant of a right to cancel the lease does not deprive it of the certainty necessary to support a fixed term." 1 MILTON R. FRIEDMAN, FRIEDMAN ON LEASES § 4:1, at 4-4 (Patrick A. Randolph, Jr., ed., 5th ed. June 2006).

Instead, we hold that, because the lease at issue provides for a fixed term of 99 years, the lease created a tenancy for years. *See Willis v. Thomas*, 9 S.W.2d 423, 424-25 (Tex. Civ. App.—San Antonio 1928, writ dism'd); RESTATEMENT OF PROPERTY § 19 cmt. c (1936) ("An estate for years can be created subject to a special limitation, a condition subsequent, an executory limitation or a combination of these restrictions.") (parentheticals omitted); 2 RICHARD R. POWELL, POWELL ON REAL PROPERTY § 16.03[4][b] (Michael Allan Wolf, ed., June 2003) ("a term of years lease that specifies a calendar

ending but that provides for earlier defeasibility by special limitation, condition subsequent or executory interest is valid").

The lease has a 99-year term and requires monthly rental payments of $20,000. Thus, the lease would require the payment of $1 million in rentals in less than five years. Accordingly, the lease constitutes a "major transaction" for purposes of section 15.020 because it provides for the payment of "consideration with an aggregate stated value" of more than $1 million. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.020(a); *cf. In re Tex. Ass'n of Sch. Bds., Inc.*, 169 S.W.3d 653, 659 (Tex. 2005) (orig. proceeding) (aggregate stated value of consideration for 1-year insurance contract with annual premium of $41,973 was amount of annual premium even though contract provided for coverage of more than $17 million).

Because the lease constitutes a major transaction, mandatory venue lies in Tarrant County under the terms of the contract. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.020(b). Royalco's petition is denied.

FELIPE REYNA
Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Petition denied
Opinion delivered and filed June 3, 2009
[OT06]